United States District Court
Southern District of Texas
**ENTERED**
January 12, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Kevin-Neal Weimken | § | |
| and Greg Weimken | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action H-21-3355 |
| | § | |
| Becky Gurrola, Ellen Shelburne, | § | |
| Robbin Knebel, Brenda Bundick, | § | |
| Steven Weisinger, Larry Currey, | § | |
| Otilia Gonzales, and Liz Pirkle, | § | |
|     Defendants. | § | |

# Report and Recommendation

Plaintiffs Kevin-Neal Weimken and Greg Weimken sued the Defendants seeking to have their real property taken off the tax rolls as well as damages in the amount of $2 million from each defendant. The defendants are the assistant tax assessor for Waller Independent School District (WISD), the Waller County, Texas tax assessor, a court clerk for the Waller County 506th District Court, and attorneys who represented one or more of the defendants. All defendants have moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Because the court lacks subject matter jurisdiction, the undersigned recommends that this case be dismissed without prejudice.

## 1. Background

Because Plaintiffs are proceeding *pro se*, the court has liberally construed the complaint, ECF No. 1, and has endeavored to identify all factual assertions made. The complaint is somewhat confusing, and it is not always clear which allegations apply to which defendants. Thus, where the Complaint is ambiguous, the following summary

treats the allegations as if made against every Defendant. Leaving aside all conclusory allegations and citations to legal authority, Plaintiffs allege these facts:

- There is a debt owed to WISD and the Waller County Tax Office;

- Plaintiffs have demanded that Defendants produce any contract requiring their performance,[1] but Defendants have failed to do so;

- Plaintiffs have demanded that Defendants identify what specie (apparently meaning money in the form of coins) Defendants will accept as payment for the property taxes, but Defendants refuse to answer;

- Plaintiffs have demanded to know whether the tax they owe is a direct or indirect tax, but Defendants did not respond;

- Plaintiffs have demanded to know whether Waller County is a "de jure Government," but Defendants have not given an answer;

- Plaintiffs have demanded information about the original creditor on their property and have sought validation of their debt (apparently seeking information about their tax debt), but Defendants have not responded;

- Plaintiffs have demanded to know whether the attorneys they have sued are licensed debt collectors, but Defendants did not provide that information;

- Plaintiffs have challenged Waller County's jurisdiction to collect the property tax;

- Plaintiffs allege that Weisinger sent threatening letters through the mail demanding payment of the taxes and threatening to "take a man's land" if the taxes are not paid;

- Plaintiffs have demanded to know "what person rendered my private land for taxation," but Defendants did not answer;

---

[1] It appears to the court that Plaintiffs are referring to a contract requiring them to pay their property taxes.

- Plaintiffs demanded that their property be taken off the tax rolls, but Defendants did not comply;

- When Plaintiffs asked if the property tax was lawful, Bundick stated that it was;

- When Plaintiffs went to WISD's offices to pay the tax, their payment was refused;

- Plaintiffs claim that their property is not used for production of income and is used only for shelter, and thus, according to Plaintiffs, should not be subject to taxation;

- Plaintiffs have sent various documents to various Defendants demonstrating their superior title to the property (apparently attempting to demonstrate that it should not be taxed).

Plaintiffs complaint, when taken as a whole, seeks to have their property exempted from taxation by state and local taxing authorities. Plaintiffs also allege violations of the Uniform Commercial Code under state law. Plaintiffs seek to have this court exercise subject matter jurisdiction by reference to myriad federal statutory and constitutional provisions. For example, they allege without explanation that Defendants violated their Constitutional rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Eleventh, and Thirteenth Amendments. Plaintiffs also allege a violation of Article I, Section 10 of the Constitution, which is merely one of the provisions defining the powers of Congress. Plaintiffs further contend that their due process rights have been violated but do not explain how. Plaintiffs allege that Weisinger's mailing of letters violates 18 U.S.C. § 876. Plaintiffs allege violations of 18 U.S.C. §§ 241, 242, which criminalize certain deprivations of a person's civil rights. Finally, Plaintiffs cite 15 U.S.C. § 1662g, which does not exist. The court takes Plaintiffs to be referring to 15 U.S.C. § 1692g, which pertains to the validation of debts.

Defendants make various arguments in their several motions to dismiss. The court need not reach all the arguments because the court lacks subject matter jurisdiction and the case must be dismissed for that reason.

*2. Analysis*

"Federal courts are courts of limited jurisdiction[,]" and the presumption is that "a suit lies outside this limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Settlement Funding, L.L.C.*, 851 F.3d at 534 (quoting *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935 (5th Cir. 2012)) ("A lack of subject matter jurisdiction may be raised at any time and may be examined for the first time on appeal."). The court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

"A district court may dismiss a case under Rule 12(b)(1) based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The party asserting jurisdiction has the burden to prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Id.*

*A. Diversity Jurisdiction*

Although not mentioned by any party, the court will independently determine whether there is jurisdiction based on diversity of citizenship. Federal courts may exercise jurisdiction when all defendants are citizens of different states from all Plaintiffs and where the amount in controversy is more than $75,000. 28 U.S.C. § 1332. It appears to the court that all parties are citizens of Texas. The

court lacks subject matter jurisdiction based on diversity of citizenship.

### B. Federal Question Jurisdiction

Federal district courts have subject matter jurisdiction over all civil actions "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The court will apply the "well-pleaded complaint" rule. That is, "[a] federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). Plaintiffs must supply facts demonstrating the existence of a federal question, and "the mere recitation by plaintiffs of various sections of the United States Constitution and random United States Code citations is insufficient." *Arunga v. ACLU*, No. 09-6175-AA, 2009 WL 3274784, at *1 (D. Or. October 9, 2009).

Based on a careful reading of the Complaint, the court concludes that Plaintiffs have not stated a federal cause of action. It seems that Plaintiffs are contesting their local property taxes, have sought various information from the taxing authorities, have received no information or insufficient information, and believe their property is not subject to taxation. There is no federal tax at issue. The Plaintiffs do not allege any facts that show a violation of a federal constitutional right. As far as Due Process is concerned, there is not a single allegation that Plaintiffs have been deprived of any state-created right or the opportunity to be heard.

Plaintiffs citation to federal statutes is similarly unavailing. The criminal code sections cited do not create a federal cause of action, so jurisdiction cannot be premised on violation of those statutes, even were a violation shown, which it has not been. *Flander v. Dept. of Pub. Safety*, No. 3:13-CV-4576-B, 2014 WL 238652, at *2 (N.D. Tex. Jan. 22, 2014); *see also Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 817 (1986).

The allegation that Defendants failed to validate their debt also does not confer jurisdiction on this court. Section 1692g only applies to the validation of "debts," and taxes are not "debts" under the statute. *See* 15 U.S.C. § 1692a(5); *Boyd v. J.E. Robert Co., Inc.*, 765 F.3d 123, 126 (2d Cir. 2014). Thus, the federal statute cited has no relationship to the facts of this case and cannot confer subject matter jurisdiction upon this court.

### C. The Tax Injunction Act

The Tax Injunction Act also deprives this court of jurisdiction. Under the act, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The complaint in this case describes nothing more than a dispute over whether Plaintiffs' property should be subject to property tax. Other than damages, the only remedy sought is to have Plaintiffs' property removed from the tax rolls. The Fifth Circuit has held that the Texas courts "provide [a] 'plain,' 'speedy,' and 'efficient' remedy," so the Tax Injunction Act bars Plaintiffs from bringing this suit in federal court. *See Thames Shipyard & Repair Co. v. Galveston Cent. Appraisal Dist.*, 299 F.Appx 328, 329 (5th Cir. 2008).

This court lacks subject matter jurisdiction.

### D. Conclusion

The court recommends that the motions to dismiss, ECF Nos. 17, 19, 21, 22, and 23 be granted. Plaintiffs responded to the motions to dismiss. ECF No. 27. They do not request leave to amend their complaint and argue that their allegations are sufficient to survive the motions to dismiss. The court finds no reason to think another opportunity to amend would result in the assertion of facts that would change the result in this case. Leave to amend is denied. *Cf. Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997) (denying leave to amend where the plaintiff relied on her pleadings as filed); *Jacquez v. Procunier*, 801 F.2d 789, 792–93 (5th Cir. 1986) (refusing to allow the

plaintiff the opportunity to amend when she declared the adequacy of her complaint in response to a motion to dismiss).

The parties have fourteen days from service of this report and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on January 12, 2022.

Peter Bray
United States Magistrate Judge